**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **MATTHEW MARK MOORE,** | No. 12-35668 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-00002-SLG |
| v. | |
| **JOE SCHMIDT,** | **MEMORANDUM**[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, District Judge, Presiding

Submitted August 13, 2013[**]
Anchorage, Alaska

Before:    **KOZINSKI**, Chief Judge, **BERZON** and **IKUTA**, Circuit Judges.

  **1.**  The Alaska Court of Appeals concluded that Moore was not

constructively denied counsel.  This was not "contrary to, or [] an unreasonable

application of, clearly established Federal law, as determined by the Supreme

---

  [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

  [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Court of the United States." 28 U.S.C. § 2254(d)(1). Failure to subject a prosecutor's case to adversarial testing will only constitute constructive denial of counsel when "'counsel <u>entirely</u> fails to subject the prosecution's case to meaningful adversarial testing.'" <u>Bell</u> v. <u>Cone</u>, 535 U.S. 685, 697 (2002) (quoting <u>United States</u> v. <u>Cronic</u>, 466 U.S. 648, 659 (1984)). Moore's lawyer presented his desired intoxication defense at trial. Additionally, the Supreme Court has never found that a criminal defendant has a right to a meaningful relationship with his attorney. <u>Morris</u> v. <u>Slappy</u>, 461 U.S. 1, 13–14 (1983). In any event, the proposition that a serious breakdown in the attorney-client relationship may rise to a constructive denial of counsel is not "clearly established" by Supreme Court precedent.

**2.** Moore cites no Supreme Court case to support his claim that the trial court's inquiry into his motion to substitute counsel was inadequate. As such, he failed to satisfy AEDPA's threshold for reviewing a state court adjudication on the merits. <u>See</u> 28 U.S.C. § 2254(d).

**AFFIRMED.**